UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald W. Rangel,<br><br>    Petitioner<br><br>v.<br><br>Dwight Neven, et al.,<br><br>    Respondents | 2:12-cv-02032-JAD-PAL<br><br>**Order Denying Petition for Writ of Mandamus and Closing Case**<br><br>[ECF 25] |

Ronald W. Rangel brings this habeas-corpus action challenging his Nevada state-court conviction for burglary and resultant adjudication as a habitual criminal—which resulted in a 10–25 year sentence.[1] Rangel asserts five ineffective-assistance-of-counsel claims for relief.[2] Because Rangel has not shown that the Nevada Supreme Court's denial of his claims was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented, I dismiss his claims for relief and deny his petition. I do, however, issue Rangel a certificate of appealability on four of his claims.

**Background**

A jury in Nevada's Eighth Judicial District Court convicted Rangel of burglary. The trial judge then sentenced Rangel under Nevada's habitual-criminal statute to a term of 10–25 years in prison.[3] The Nevada Supreme Court summarized the evidence presented at trial:

> [T]he victim and her daughter had gone shopping. They first went to the 99 Cent Store, where the victim made several purchases that were placed in two 99 Cent Store bags. The victim placed the bags in back of her car, and then she and her daughter traveled to Wal-

---

[1] ECF 25.

[2] Rangel initially asserted a sixth claim for due-process violations, but I dismissed that claim as unexhausted on November 5, 2013. ECF 41.

[3] ECF 27-5.

Mart to do some more shopping. After shopping in Wal-Mart, they returned to the car. Rangel was inside of the car and they asked him what he was doing. Rangel said that it was his car. When Rangel exited the car, the victim called 911 to report the incident and then inspected her car. She noted that the car stereo had been taken, the contents of the 99 Cent Store bags had been dumped out, the windshield wiper control switch was broken, and the plastic steering wheel cover was damaged near the ignition switch. After inspecting the car, the victim followed Rangel into the Lowe's Home Improvement Store where she told the employees at the desk area to call the police. When the police arrived, the victim identified Rangel as the person who [had] been inside of her car. Rangel was arrested, he was informed of his *Miranda* rights, and he told the police that they "might find something of interest by the Christmas trees." The police recovered the car stereo and two 99 Cent Store bags by the Christmas trees inside the Lowe's Home Improvement Store.[4]

Rangel appealed his conviction and sentence; the Nevada Supreme Court affirmed.[5] Rangel then filed a state habeas petition[6] and supplement.[7] After an evidentiary hearing,[8] the state district court denied the petition.[9] Rangel appealed; the Nevada Supreme Court affirmed.[10]

Rangel then initiated this federal habeas action. The court appointed the Federal Public Defender, who filed the first-amended petition.[11] My November 5, 2013, order dismissed Rangel's sixth claim for relief as unexhausted, and instructed defendants to answer Rangel's remaining claims.[12]

---

[4] ECF 26-7 at 2–3.

[5] ECF 26-7.

[6] ECF 27-14.

[7] ECF 28-1.

[8] ECF 28-3.

[9] ECF 49.

[10] ECF 29-5.

[11] ECF 25.

[12] ECF 41.

**Discussion**

**A.   Standard for ineffective-assistance-of-counsel claims under 28 U.S.C. § 2254(d)**

A federal court may not grant an application for a writ of habeas corpus on behalf of a person in state custody on any claim that was adjudicated on the merits in state court unless the state-court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[13]

In *Strickland v. Washington*, the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims. A petitioner must show that (1) the defense attorney's representation "fell below an objective standard of reasonableness," and (2) the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[14]

If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied" *Strickland*.[15] I consider each of Rangel's claims under this deferential standard. I discuss ground one of Rangel's petition last because it turns on the analyses of grounds two through four.

**B.   Rangel's petition**

**1. Ground two:  failure to present voluntary-intoxication defense**

In ground two, Rangel claims that his counsel was constitutionally ineffective for failing to request a jury instruction for voluntary intoxication and failing to present evidence that Rangel was voluntarily intoxicated.

---

[13] 28 U.S.C. § 2254(d).

[14] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[15] *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Cheney v. Washington*, 614 F.3d 987, 994-95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

The Nevada Supreme Court affirmed the state district court's dismissal of this claim.[16] First, the Nevada Supreme Court reasoned that even if failing to request a voluntary intoxication jury instruction was erroneous, Rangel was not prejudiced because his counsel argued that Rangel lacked the necessary intent to commit the crime.[17] Second, the court found that counsel was not ineffective for failing to adequately present Rangel's case. At the evidentiary hearing, counsel testified that he asked the police officers who arrested Rangel on cross if they conducted field-sobriety tests. He further testified that he chose not to present direct evidence of intoxication as a strategic determination: Rangel was the only source of that evidence and he had several prior convictions.[18]

The Nevada Supreme Court's determination that Rangel's trial counsel satisfied *Strickland*'s highly deferential standard was reasonable, and I therefore decline to grant Rangel habeas relief on this basis.

**2. Ground three: failure to challenge authenticity of jail house recording**

Rangel next claims that his counsel was constitutionally ineffective for failing to challenge the authenticity of a recording of a telephone conversation he placed at the jail in which he made incriminating statements. The Nevada Supreme Court upheld the state district court's dismissal of this claim.[19] The Nevada Supreme noted that, at the evidentiary hearing, Rangel's trial counsel testified that he played the tape for Rangel before trial and that Rangel never indicated that it was someone else who made the phone call.[20] Counsel further testified that, as a strategic matter, he avoided objecting to the admission of the tape because the officer authenticating the call had been involved in Rangel's extradition, and he did not want the jury to learn that Rangel had absconded.[21]

The Nevada Supreme Court had a reasonable basis for concluding that Rangel's counsel was

---

[16] ECF 29-5.

[17] *Id.* at 3.

[18] *Id.* at 3–4.

[19] *Id.* at 4.

[20] *Id.*

[21] *Id.*

not constitutionally ineffective.  It appears from the record that counsel had no reason to doubt the authenticity of the tape, and counsel is not constitutionally deficient for failing to raise a futile objection.[22]  Rangel also has not shown that he was prejudiced by counsel's failure to object: counsel had no basis to challenge the tape's authenticity, so it would have been admitted over his objection. Rangel's claim for ineffective assistance of counsel for failing to challenge the authenticity of the tape is therefore denied.

### 3. Ground four: opening and closing statements

In ground four, Rangel claims that he received ineffective assistance of counsel because counsel admitted Rangel's guilt in his opening and closing statements.  In his opening statement, counsel argued that the prosecutor had overcharged the case and that Rangel was not guilty of burglary because he lacked the requite intent, but suggested that he might be guilty of some lesser, uncharged crime, on which a jury instruction was not given.[23]

The Nevada Supreme Court also rejected this claim.  The court reasoned that, at the evidentiary hearing, "counsel testified that he discussed the intoxication strategy with Rangel and received his approval."[24]  The trial court also canvassed Rangel about his counsel's statements at trial to make sure that Rangel consented to this strategy.[25]

The Nevada Supreme Court's conclusion that Rangel's counsel was not ineffective under *Strickland* is reasonable.  Rangel was caught red-handed—it would have done him no good to deny his identity as the perpetrator.  Trying for a "lesser-included" offense that really was not a lesser-included offense was reasonable because, otherwise, the jury had enough evidence to convict Rangel of burglary, for which he faced steep penalties due to his criminal history.  Counsel's argument that Rangel could not be guilty of burglary because he lacked the requisite intent when he entered the victim's vehicle was a reasonable strategic choice in light of the circumstances and does not render

---

[22] *Donovan v. State*, 584 P.2d 708, 711 (Nev. 1978).

[23] *See* 26-16 at 51.

[24] ECF 29-5 at 4.

[25] *Id.*

his assistance ineffective under *Strickland*. Rangel is not entitled to relief on this basis.

**4. Ground five: failure to challenge habitual-criminal adjudication**

Rangel contends that his counsel was constitutionally ineffective because he failed to adequately challenge the prosecution's request for habitual-criminal adjudication. The Nevada Supreme Court rejected this argument. The court reasoned that counsel testified at the evidentiary hearing that he had reviewed the presentence investigation report with Rangel, and that Rangel did not indicate that any of the convictions were inaccurate.[26]

The Nevada Supreme Court's application of *Strickland* was reasonable. This is not a claim that counsel failed to argue against imposition of a habitual-criminal penalty at sentencing; counsel did argue against habitual-criminal treatment at sentencing.[27] Rangel first claims that trial counsel failed to correct errors in the presentence investigation report. The presentence investigation report stated that Rangel had been to prison five times, but only three prison terms were listed in his criminal history. A judge reviewing the criminal-history section of the report would note the correct number of prison terms. The report also incorrectly stated that Rangel had an Oklahoma conviction for robbery by force or fear, rather than attempted robbery.[28] But the sentencing judge had a copy of the judgment of conviction, which indicated that Rangel was convicted of attempted robbery, not robbery by force or fear. So, although the report contained these minor errors, the trial judge had the correct information, and Rangel has not shown that he was prejudiced.

Rangel also argues that his counsel did not challenge the prosecutor's inaccurate statement at sentencing that Rangel had been to prison five times and had seven felony convictions. But, as discussed above, the criminal-history section of the presentence investigation report showed the correct number of prison terms. The prosecutor's statement that Rangel had seven felony convictions was not wholly inaccurate or necessarily objectionable. Rangel had been convicted of five felonies before the instant case. His burglary conviction—the one for which he was being

---

[26] ECF 29-5 at 4.

[27] ECF 26-20 at 5–7.

[28] It appears that the report transposed the charge and the disposition in the Oklahoma case.

sentenced—was his sixth, and he faced almost certain conviction for a seventh felony (for which he had no defense) for failing to appear in that very case.

Third, Rangel argues that counsel failed to argue that his prior convictions were all for nonviolent offenses. The sentencing judge may, in his discretion, consider nonviolent felonies under Nevada's habitual-criminal statute.[29] Rangel's claim that his counsel failed to argue that most of his convictions were nonviolent is also factually unsupported. At sentencing, counsel argued:

> Yes, he does have priors; yes, they are in several different states. Most of these—a lot of priors, Judge, aren't related to—they're credit cards, they're different types of offenses. Granted, there were many offenses that were lowered to misdemeanors, however, he does not have a proclivity for breaking into cars. He does not have a proclivity for taking car stereos. . . .[30]

Though counsel did not explicitly describe Rangel's prior convictions as nonviolent, his description of Rangel's priors conveyed that point. The Nevada Supreme Court correctly found that Rangel's counsel was not ineffective on this basis.

Finally, Rangel argues that his counsel was ineffective for failing to argue that his prior convictions did not qualify as predicate offenses under Nevada's habitual-criminal statute. Rangel did not demonstrate in state court—nor does he here—which convictions don't qualify. For example, he did not present any evidence in state court that he was not the person listed on the judgments of conviction.[31]

Rangel also has not shown that he did not have a sufficient number of qualifying prior offenses to qualify for habitual-criminal status. Prior crimes qualify under the habitual-criminal statute if they are felonies in the state where the crimes were committed or if they would be felonies if committed in Nevada.[32] At the time of sentencing, Rangel had two Nevada attempted-burglary

---

[29] NEV. REV. STAT. § 207.010; *Arjakis v. State*, 843 P.2d 800, 805 (Nev. 1992).

[30] ECF 26-20 at 5–6.

[31] ECF 27.

[32] *See* NEV. REV. STAT. § 207.010(1)(b).

convictions, both of which count towards habitual-criminal status.[33]  Rangel also had a qualifying conviction for attempted robbery in Oklahoma.[34]  And he had two Texas convictions for misuse of a debit card, both of which also qualify.[35]  Given these facts, the Nevada Supreme Court's application of *Strickland* was reasonable; Rangel's counsel was not deficient for failing to argue that Rangel was not eligible for habitual-criminal adjudication.

**5. Ground one: conflict of interest**

In ground one, Rangel alleges that his counsel was ineffective because he had a conflict of interest.  The Nevada Supreme Court swiftly rejected this claim:

> At the evidentiary hearing, counsel testified that Rangel was unhappy with how the case progressed.  During the trial, Rangel had submitted bar complaints and moved to dismiss counsel.  But Rangel failed to demonstrate that counsel had divided loyalties or, assuming there was a conflict, that counsel's performance was adversely affected.[36]

The Sixth Amendment does not guarantee petitioner a conflict-free relationship with his counsel, but it does protect him if "the conflict between [him] and his attorney prevented effective assistance of counsel."[37]  The Nevada Supreme Court's determination that Rangel failed to show that any conflict between himself and his counsel adversely affected counsel's performance was reasonable.

---

[33] For the purposes of this order, it does not matter whether petitioner was convicted of attempting normal burglary, NEV. REV. STAT. § 205.060(2), or attempting burglary aggravated by the possession of a deadly weapon, NEV. REV. STAT. § 205.060(4).  Either way, it was a felony that qualified under NEV. REV. STAT. § 207.010.

[34] Oklahoma's definition of attempted robbery is roughly equivalent to Nevada's definition of attempted robbery, a category B felony.  *Compare* 21 OKLA. STAT. § 791 *with* NEV. REV. STAT. § 200.380.

[35] Based on the facts presented in the indictment on those counts, the equivalent offense of these convictions in Nevada is a category D felony.  *See* NEV. REV. STAT. § 205.760.

[36] ECF 29-5 at 5.

[37] *Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc) (citing *Morris v. Slappy*, 461 U.S. 1, 13–14 (1983)).

**C.  Certificate of appealability**

Because I have rejected all of Rangel's claims, I finally consider whether he should be granted a certificate of appealability. The standard for issuing a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."[38] When a district court has rejected all constitutional claims on their merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Having considered all of Rangel's claims under this standard, I find that Rangel has made the required showing for grounds one, two, three, and four and I issue him a certificate of appeability for those grounds. I find that Rangel has not made the required showing for ground five, and I therefore decline to issue him a certificate of appealability to continue to pursue that claim.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Rangel's first-amended petition for writ of habeas corpus **[ECF 25]** is **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED for grounds one, two, three, and four of the first-amended petition but denied for ground five.

The Clerk of Court is instructed to enter judgment accordingly and **CLOSE THIS CASE.**

Dated this 8th day of February, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[38] 28 U.S.C. § 2253(c).